STARR *against* ANDERSON :

#### IN ERROR.

Where the plaintiff, in an action on the case, to recover damages for a false warranty of a horse, described the horse in question as " a certain sorrel horse belonging to the defendant ;" and the proof was, that the horse was owned by the defendant *and another person ;* it was held, that the allegation regarding the title of the horse was not descriptive of the cause of action, but was mere surplusage ; and consequently, that there was no variance.

A party having sold and taken pay for an article as his *sole property*, and having thereby impliedly warranted such a title, is estopped to show a different title.

THIS was an action on the case, brought by *Samuel D. Anderson*, against *Darius Starr* jun., before the county court, for a breach of warranty regarding a horse. The declaration alleged, that the plaintiff, at the special instance and request of the defendant, bargained with the defendant, to exchange with him a dark bay horse, belonging to the plaintiff, and the sum of 15 dollars in cash, for a certain sorrel horse belonging to the defendant ; that the defendant, by falsely and fraudulently warranting said sorrel horse to be sound, in every respect—that there was no deception in him, and no mistake about him—exchanged said sorrel horse with the plaintiff for said dark bay horse, and said sum of 15 dollars

in money, paid by the plaintiff to the defendant; whereas in fact, said sorrel horse of the defendant, at the time of said exchange, was unsound, deceptive, and subject to great mistakes, and had upon him, at that time, divers incurable diseases and defects, and has become, and is, of no use or value to the plaintiff.

On the trial before the county court, *August* term 1847, on the plea of *Not guilty*, the plaintiff claimed to have proved, that at the time mentioned in the declaration, he bargained with the defendant, to exchange with him, a dark bay horse belonging to the plaintiff, and the sum of fifteen dollars in cash, for a certain sorrel horse belonging to the defendant; and that the defendant, at the time of such exchange, falsely and fraudulently warranted said sorrel horse, to be sound, in every respect; that there was no deception in him, and no mistake about him; that the plaintiff, in pursuance of said bargain, delivered his horse, and fifteen dollars in cash, to the defendant, for said sorrel horse; and that, at the time of said exchange and warranty, said sorrel horse was unsound, defective, and subject to great mistakes, and had upon him incurable diseases and defects, as alleged in the declaration.

The defendant, on the other hand, claimed to have proved, that at the time of said exchange, he did not warrant said sorrel horse, as claimed by the plaintiff; and that said sorrel horse was not unsound, as claimed by him; that there was no deception in him, or mistake about him. The defendant also claimed to have proved, and the plaintiff admitted that he had proved, that at the time of said exchange, said sorrel horse was not the sole property of the defendant, but was the joint property of the defendant and one *Darius Starr*. The defendant, however, did not offer any evidence to prove, nor did he claim that he had proved, that he informed the plaintiff, at the time of said exchange, that said sorrel horse did not belong solely to him, the defendant; or that the plaintiff ever knew, until the trial of the cause, that *Darius Starr*, or any other person, was a joint owner with the defendant of said sorrel horse.

Upon these facts the defendant claimed, and requested the court to instruct the jury, that in order to entitle the plaintiff to recover in this action, it was necessary for him to prove, that the sorrel horse mentioned in the declaration, was, at the

time of the alleged exchange, the sole property of the defendant ; and that, if the jury should find, that said sorrel horse was not, at the time of the exchange, the soly property of the defendant, but was the joint property of the defendant and *Darius Starr,* there would be a material variance between the contract set up in the declaration, and the contract proved ; and their verdict should be for the defendant.

The court did not so instruct the jury ; but instructed them, that to entitle the plaintiff to a verdict, he must prove the contract substantially, as it was alleged in the declaration, and also that said contract was broken, as alleged.

The jury returned a verdict for the plaintiff, to recover the sum of 58 dollars, 17 cents, damages. The defendant filed a bill of exceptions, and thereupon brought a writ of error in the superior court ; which was reserved for the advice of this court.

*Z. A. Storrs,* for the plaintiff in error, contended, 1. That the variance, in this case, was a material one. No averment of any matter essential to the claim or charge, can be rejected. This position extends to all allegations, which operate by way of *description* or *limitation* of that which is material. 1 *Stark. Ev.* 340. *Rossiter* v. *Marsh,* 4 *Conn. R.* 196. 1 *Greenl. Ev.* § 66, 67.

2. That the charge was incorrect. In actions of tort founded on contract, every particular of the contract is *descriptive ;* and a variance in the proof is fatal. 1 *Stark. Ev.* 242. 346. & n. 1 *Greenl. Ev.* § 64, 65. *Weall* v. *King,* 12 *East,* 452. 1 *Chitt. Plead.* 307. 385. *United States* v. *Porter,* 3 *Day,* 283. *Watson* v. *Osborne,* 8 *Conn. R.* 363. The want of legal identity between the *allegata* and *probata,* is fatal. 1 *Sw. Dig.* 691. *Bristow* v. *Wright, Doug.* 665. 1 *Stark. Ev.* 340. 332. 334. *Walcott* v. *Canfield,* 3 *Conn. R.* 194. 1 *Greenl. Ev.* § 63. & *seq. Commonwealth* v. *Trimmer,* 1 *Mass. R.* 476. *Drake* v. *Watson,* 4 *Day,* 37. *Wilmot* v. *Monson,* 4 *Day,* 114. *Maine* v. *Bailey,* 15 *Conn. R.* 298.

*Waldo,* for the defendant in error, contended, 1. That if there was a non-joinder of defendants, in this case, it should have been pleaded in abatement. 1 *Chitt. Plead.* 87. (ed. 1844.) 1 *Wms. Saund.* 291. *b.* & seq.

2. That there is no variance between the allegations and the proof. The doctrine laid down in the charge, is, that " the plaintiff must prove the contract substantially as alleged ;" and the jury have found for the plaintiff. It need not have been stated to whom the sorrel horse belonged ; and being stated, it is *surplusage*, and need not be proved. 1 *Greenl. Ev.* § 51. *Rosc. Ev.* 44. *Ferguson* v. *Harwood*, 6 *Cranch*, 408. *Smith* v. *Jaques*, 6 *Conn. R.* 530. *Barnum* v. *Vandusen*, 16 *Conn. R.* 200.

3. That the defendant, having exchanged the sorrel horse *as his own*, and having, by his personal warranty, induced the plaintiff to receive him, is estopped from saying that he did not own the horse. 2 *Kent's Com.* 374. 1 *Sw. Dig.* 554. *Medina* v. *Stoughton*, 1 *Ld. Raym.* 593. *Mauri* v. *Heffernan*, 13 *Johns. R.* 58. 1 *Chitt. Plead.* 35. *Brown* v. *Whitaker*, 17 *Conn. R.* 353. *Kinney* v. *Farnsworth*, 17 *Conn. R.* 361. *Clark* v. *Holmes*, 3 *Johns. R.* 148.

ELLSWORTH, J. This is an action on the case, for an injury, perpetrated, by means of a false warranty. The contract, and the breach, are described in the declaration, both of which must have been found to be true, by the jury, under the charge given by the court ; which appears to us unexceptionable.

But the defendant insists, that the contract of sale and warranty by the defendant, cannot be true, under the proof, because of another fact admitted by the plaintiff to be proved, *viz.* that the defendant was not the sole owner of his sorrel horse. This, he says, constitutes a variance between the allegation and the proof. The plaintiff alleges, that the defendant owned his horse ; and the proof is, that he and another owned him. This claim is founded on the supposition, that what is alleged, as to title, is a description of the cause of action ; an essential part of the ground of recovery. We do not so consider it. On the other hand, we hold, that the title to the horse is not descriptive of the cause of action, nor in any way material to it ; but mere surplusage, as much so as would be an allegation of the age, size or pedigree of the horse.

It can be of no importance whether the defendant, in truth, was the owner of the horse, or not. He sold it as his own ; he took the pay for it, as his own ; he impliedly warranted the

*Tolland,*
*August, 1848.*

Starr
*v.*
Anderson.

title as his own ; and this is enough to satisfy the material allegations in the declaration.

We do not call in question the doctrine of the cases read by the defendant's counsel ; but we cannot perceive its application to the case in hand.

Besides, were it necessary, we should decide, that the defendant is not at liberty to deny his entire title to the horse, after his acts of exclusive ownership just mentioned.

We advise the superior court, that there is no error.

In this opinion the other Judges concurred.

Judgment affirmed.