JOHN LIMBERT *vs.* APOLLOS FENN AND ANOTHER.

The plaintiff sued in trover for certain personal property taken from his possession by the defendants, describing himself in the writ as trustee of his wife and alleging that the property belonged to her. The defendants claimed that the property belonged to the plaintiff in his own right and that he could not recover as trustee of his wife  Held that, as the defendants showed no justification for taking the property as the property of the plaintiff, it was immaterial whether it belonged to him or to his wife, the possession by the former being sufficient to enable him to maintain the action against a tort-feasor, while the allegations that he was trustee for his wife, and that the property belonged to her, might be rejected as surplusage.

TROVER for a horse, wagon and harness. The plaintiff described himself in the writ as the trustee of his wife, Harriet Limbert, and alleged in the declaration that the property belonged to her, and was taken out of his possession by the defendants. The defendants pleaded the general issue, with notice of a justification. The case was tried to the jury in the superior court, before *Carpenter, J.*

Upon the trial the plaintiff offered evidence to prove, and claimed that he had proved, that the property described in his

declaration was taken and converted by the defendants as averred, and that Harriet Limbert, his wife, was the sole owner of the property, and that he was possessed of it as her trustee; that she purchased it with his consent on the 5th of March, 1862, and paid for it with her own money, and that he thereafter treated it as her sole and separate estate; that she was married to him in England in the year 1842, and that just previous to her marriage her father gave her, for her sole use and benefit, English sovereigns, amounting in value to $500; that these sovereigns remained within her sole custody and control until she came to this country with him in the year 1852, when she exchanged them for American money; that the property in question was purchased by her with a portion of the money so received in exchange for her sovereigns; and that the money had always been in her sole custody and possession, and that he had never claimed it, but had always treated it as the sole and separate estate of his wife. The defendants thereupon claimed, and asked the court to charge the jury, that upon the facts proved by the plaintiff he could not recover, because by law the property was not the property of the wife, and was not vested in the plaintiff as her trustee, but that immediately upon her marriage the sovereigns vested absolutely in the husband, and that the title of the plaintiff to this property was not affected by any statute of this state, because her ownership of the money, and the marriage, and the absolute title of the plaintiff to the sovereigns, took effect in England, prior to the passage of the statutes of this state relating to the separate estates of married women, and that these statutes are not retrospective in their operation. The court did not so charge the jury, but charged them that if they found the facts as claimed by the plaintiff, the plaintiff was entitled to recover.

The jury returned a verdict for the plaintiff, and the defendants moved for a new trial.

*Lounsbury* and *Chambers*, in support of the motion.

*Strong*, contra.

PARK, J. It does not appear from the motion that the defendants offered any evidence of justification in the court below, for taking the property in question. For aught that appears they were mere tort-feasors, and took the property without law or right; and it is immaterial therefore whether the property belonged to the plaintiff or his wife. In either case, the plaintiff being in possession of the property could sustain a suit.

If the property belonged to the plaintiff the allegation in the declaration that he was the trustee of his wife might be regarded as surplusage; and so too the allegation that the property belonged to her. *Starr* v. *Anderson*, 19 Conn., 338.

A new trial is not advised.

In this opinion the other judges concurred.